13 U.S. 28 (1815)
9 Cranch 28
SPEAKE AND OTHERS
v.
THE UNITED STATES.
Supreme Court of United States.
February 10, 1815.
February 16, 1815.
Absent ... TODD, J.
Absent TODD, J.
*32 SWANN and C. LEE, for the Plaintiff's in error.
JONES, contra.
*34 STORY, J. delivered the opinion of the Court as follows:
This is an action of debt brought upon a bond given under the first section of the embargo act of the 9th of Jan. 1808. h. 8. After oyer of the bond and condition, various pleas were pleaded by the Defendants; but it is unnecessary to consider any others than those upon which questions have been argued at the bar.
The second separate plea of the Defendant, Robert Ober, and the first joint plea of all the Defendants alleges, in substance, that the bond was taken by the collector of the customs at Georgetown, by color of his office, and by pretence of the act of congress aforesaid, *35 and that the bond and condition were not taken pursuant to the act of congress, but contrary thereto, in this, to wit: that the bond was not sealed or delivered until after the vessel in the same condition mentioned had received a clearance in due form, and after she had actually departed from the port of Georgetown, under the clearance, by reason whereof the bond is void.
To this plea there was a general demurrer and joinder in demurrer; on which the Court below gave judgment for the United States.
It is argued by the Plaintiffs in error, that the act of congress of the 9th of January, 1808, sec. 1, having declared that no vessel licensed for the coasting trade shall be allowed to depart from any port of the United States, or shall receive a clearance until the owner, &c. shall give bond to the United States in a sum double the value of the vessel and cargo, &c. the time of giving the bond is of the essence of the provision; and that if the bond be not taken until after the clearance or departure of the vessel, it is illegal and void.
We cannot yield assent to this argument. In our opinion, the statute, as to the time of taking the bond and granting a clearance, is merely directory to the collector. It is undoubtedly his duty to comply with the literal requirements of the statute. If he neglect so to do, it is an irregularity which may subject him to personal peril and responsibility. If the state of facts has existed to which the statute provision is applicable, the authority to require and the duty to give the bond attaches; and by the voluntary consent of the parties, it may well be given nunc pro tunc. Upon any other construction, the owner of the vessel might be involved in great difficulties. If the collector be not authorized to receive the bond after a clearance, neither is he authorized to grant a clearance before he has received the bond. A clearance, therefore, granted before such bond should be given, would be illegal and void; and a departure from port under such void clearance, would subject the owner, vessel and cargo to the forfeiture inflicted by the third section of the act. There is no error in the judgment of the Court below in this plea.
*36 The second joint plea of the Defendants, alleges that the bond was not taken pursuant to the act of congress, but contrary thereto, in this, that the bond was taken in a sum more than double the value of the vessel and cargo, whereby the bond became void. On demurrer to this plea and joinder in demurrer, the Court below gave judgment for the United States; and we are of opinion that the judgment so given ought to be affirmed. There is no allegation or pretence that the bond was unduly obtained by the collector, colore officii, by fraud oppression or circumvention. It must, therefore, be taken to have been a voluntary bona fide bond. The value was a matter of uncertainty, and the ascertaining of that value was the joint act and duty of both parties. When once that value was ascertained and agreed to by the parties, and a bond executed in conformity to such agreement, the parties were estopped to deny that it was not the true value. If an issue had been taken upon the fact, the evidence on the face of the bond would have been conclusive to the jury; and if so, it is not less conclusive upon demurrer. It would be dangerous in the extreme to admit the parties to avoid a sealed instrument by averring that there was an error in the value by an innocent mistake, or by accident, or by circumstances against which no human foresight could guard. A mistake of one dollar would be as fatal as of ten thousand dollars. Suppose the double value were underrated, could the United States avoid the bond, and thereby subject the party to the penalties of the third section? Where the law provides that the penal sum of a bond shall be equal to the double value, and the parties voluntarily and without fraud assent to the insertion of a given sum, it is as much an estoppel as if the bond had specially recited that such sum was the double value.
The third joint plea in substance alleges that after the execution of the bond, and after the clearance and departure of the vessel and cargo, the bond was, by the authority, consent and direction of the collector, materially altered and changed, in this that the name of Ebenezer Eliason was cancelled and erased from the bond, and the name, signature and seal of the Defendant. Robert Ober, substituted and inserted therein, without the license, consent, or authority of the Defendant, *37 Robert Beverly, whereby the bond became of no force. To this plea the United States replied that the bond was so altered and changed with the assent and by the concurrent license, direction and authority of all the Defendants, and of the said Ebenezer Eliason, and not without the license, consent and authority of the Defendants, and prayed that the same might be enquired of by the country. To this replication there was a general demurrer and joinder in demurrer, on which the Court below gave judgment for the United States: and we are of opinion that the judgment was right. It is clear, at the common law, that an alteration or addition in a deed, as by adding a new obligor, or an erasure in a deed, as by striking out an old obligor, if done with the consent and concurrence of all the parties to the deed, does not avoid it. And this principle equally applies whether the alteration or erasure be made in pursuance of an agreement and consent prior or subsequent to the execution of the deed; and the cases in the books in which erasures, interlineations and alterations in deeds have been held to avoid them, will be found, on examination, to have been cases in which no such consent had been given.
It has been objected that this principle of letting in parol evidence to prove alterations in a deed to be made by consent, exposes to all the mischiefs against which the statute of frauds was intended to guard the public. If this objection were valid, it would equally apply to such alterations when made before the execution of the deed; for if not taken notice of by a memorandum on the deed itself, they must be proved in the same manner. But it is to be considered that the parol evidence is not admitted to explain or contradict the terms of the written contract, but only to ascertain what those written terms are. On non est factum, the present validity of the deed or contract is in issue; and every circumstance that goes to shew that it is not the deed or contract of the party, is proveable by parol evidence. It is of necessity, therefore, that the other party should support it by the same evidence. The fact, that there is an erasure or interlineation apparent on the face of the deed, does not, of itself, avoid it. To produce this effect, it must be shown to have been made under circumstances that the law does not warrant. Parol evidence *38 is let in for this purpose; and the mischief, if any, would equally press on both sides. The principle, however, which has been already stated, is too firmly fixed to be shaken by any reasoning ab inconvenienti.
The decision upon the third joint plea renders it unnecessary to examine the bill of exceptions taken at the trial on the issue of non est factum. That bill presents the same point as the third joint plea, with this difference only, that the alteration in the deed by the addition of a new obligor was, in fact, made in pursuance of an agreement entered into between the parties prior to the original execution of the deed.
On the whole, the majority of the Court are of opinion that the judgment of the Court below must be affirmed.
LIVINGSTON, J.
In dissenting from the Court in its judgment on the issue of law arising out of the third joint plea, I can only say, that I am not prepared to admit that every alteration whatever in a deed, after its execution, for such is the extent of the opinion just given, may be proved by parol testimony. After perfecting a deed in one form, no material alteration should be set up unaccompanied by a new delivery, and a note or memorandum thereof; otherwise, a bond, which is proved by a subscribing witness to have been actually given for only one hundred dollars, may be converted into one for as many thousand, if the obligee can only produce a witness who will say that he understood the obligor as assenting to it. The only case which I have been able to find of those cited, such is the difficulty of procuring books in this place, is the one in Levinz, p. 11, 35, which establishes that after the delivery of a hond, a new obligor may be added in this way; not that the name of one may be struck out, and another substituted in his place. Without denying the authority of the case, my answer to it is, that such addition might he of benefit, but could not injure the first set of obligors; and therefore the Court might feel less difficulty in admitting such fact to be proved. It is, therefore, no interference with this decision, to say, that no change whatever in a sealed instrument, after its execution, which may increase the liability or be, in any way, to the prejudice of the party whose deed it is, (and such *39 is the case here) should be palmed on him by parol testimony; and so, vice versa, that no alteration which may be, in any way, injurious to the grantee or obligee, should be set up by the other party; but that the terms in which the deed is originally executed should alone be binding, until alterations are introduced into it by the same solemnities which gave existence to the first. Such, in my opinion, is the salutary rule of the common law; and therefore I think that the judgment of the Circuit Court ought to be reversed.
MARSHALL, Ch. J.
Was rather inclined to think that the plea was good, which stated that the bond was given for more than double the value of the vessel and cargo. If the bond was given for more than double that value he thought it was void in law.
He should not however have intimated his opinion on this point if a dissenting opinion had not been given on another point in the cause, and his silence might have been construed into an assent to the entire opinion of the Court as it had been delivered.